UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TAMIKA HARRELL,

     Plaintiff,                          CIVIL ACTION NO. 13-11161

   v.

                                  DISTRICT JUDGE AVERN COHN
                                  MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
                            /


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


## I.  RECOMMENDATION

     Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as there was substantial evidence on the record that claimant retained the

residual functional capacity for a limited range of sedentary work.

## II.  REPORT

### A.  Background and Procedural History

     Plaintiff filed an application for Social Security Supplemental Security Income (SSI)

benefits on August 24, 2011, alleging that she had been disabled and unable to work since

August 24, 2011, at age 38, due to severe ankle leg and knee pain, obesity and mental

depression. Benefits were denied by the Social Security Administration (SSA). A requested

de novo hearing was held on June 1, 2012, before Administrative Law Judge (ALJ) Jerome B. Blum. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work providing a sit-stand option and requiring the performance of simple, routine tasks (TR 12-24). The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 39 years old at the time of the administrative hearing.  She had a limited 8th grade education, and had been employed as a housekeeper (TR 20, 35, 48). Claimant alleged disability since August 2011, due to severe ankle, leg and knee pain (TR 38). She estimated that she could stand for 10 minutes, sit for 20 minutes, and walk just a half block before needing to rest (TR 39). Plaintiff asserted that she needed to lie down once or twice a day, with her legs elevated above waist level, to help control the swelling in her ankles and knees (TR 40-41). The chronic pain allegedly interfered with her ability to sleep, and she became fatigued whenever she exerted herself  (TR 42).  Plaintiff stated that mental depression made it difficult for her to focus on tasks, and that she did not like being in crowded places (TR 43).  Claimant denied performing any household chores, and she depended on relatives to help her dress and shower (TR 45).

A Vocational Expert, Pauline Pegram, classified Plaintiff's past work as light, unskilled activity (TR 48). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 52-53). If she were capable of sedentary work, however, there were numerous unskilled bench assembly, packaging and inspection jobs that she could still perform with minimal vocational adjustment (TR 49). These simple, routine jobs allowed a sit-stand option, and permitted the use of a foot stool under the work station in order to elevate her legs. She would not have to do any stooping or squatting  (TR 49-51).

## B.  ALJ's Decision

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative arthritis of the knees and ankles, obesity, an affective disorder, anxiety and alcohol abuse in remission, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's knee and ankle pain prevented her from working at jobs requiring her to sit or stand for prolonged periods.  The Law Judge further limited her to simple, routine and repetitive tasks where she would not have to perform any stooping or squatting.  As a result, the Law Judge found that Ms. Harrell retained the residual functional capacity to perform

---

[1]The witness testified that claimant's alleged inability to remain on her feet for prolonged periods of time and her periodic need to lie down with her feet elevated would preclude all work activity (TR 52-53).

a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

### C.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity.  She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration all of her functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or mental difficulties.

### D.  Discussion and Analysis

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988). Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.  Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for simple, routine sedentary work providing a sit-stand option, and not requiring stooping or squatting. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain. While claimant was prescribed medication for arthritic knee pain, clinical studies indicated only minimal degenerative joint disease (TR 186-187). Similarly, diagnostic tests showed no signs of any spinal abnormalities, despite complaints of chronic back pain (TR 188). Plaintiff reportedly remained in good overall health and not in significant distress (TR 243-247). Nevertheless, the ALJ expressly took into consideration claimant's bilateral knee arthritis, moderate back pain and obesity[2] into consideration by limiting her to sedentary work with a sit-stand option (TR 16, 18).

The ALJ also recognized that Plaintiff's concentration problems would interfered with her ability to perform a full range of work activity. The only mental status evaluation of record was performed by Dr. Nick Boneff, a psychologist, on November 7, 2011. Following an interview, the consulting clinician concluded that Plaintiff could perform "relatively simple work-type activities, remembering and executing a several step repetitive procedure on a sustained basis, with little in the way of independent judgment or

---

[2]Contrary to Plaintiff's assertion, the ALJ did not completely fail to consider her obesity when determining her residual functional capacity for a restricted range of sedentary work. The Law Judge recognized the obesity as a severe impairment, which caused more than minimal work-related functional limitations (TR 14). Nevertheless, the ALJ determined that claimant's obesity would not interfere with her ability to return to less exertional sedentary work, which provided a sit-stand option.

decision-making required" (TR 222). Taking this medical source opinion into consideration, the Law Judge limited claimant to unskilled work that involved simple, routine and repetitive tasks (TR 16). The ALJ included claimant's moderate limitations in concentration, persistence, or pace in his hypothetical question to the Vocational Expert (TR 49).

Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that she suffered severe side effects from pain medications, or that she needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by limiting her to simple, routine jobs that allowed a sit-stand option. The Law Judge further restricted claimant from jobs that did required frequent crouching, crawling, stooping, climbing or balancing.

Plaintiff relies heavily upon the fact that Dr. William Pettiway indicated in June 2012, that she could not sit, stand or walk for long enough periods to return to work (TR 310-312). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Pettiway offered little

objective evidence to support his June 2012, residual functional capacity evaluation[3], his opinion need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered.  Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.   Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).   See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational

---

[3]The ALJ rejected the doctor's disability opinion, setting forth persuasive reasons for doing so (TR 18-19). The ALJ expressed concern about the lack of medical documentation to support the opinion.  As the ALJ noted, clinical evidence of claimant's knee and back pain were rather minimal (TR 186-188). Plaintiff reportedly was in good overall health and not in significant distress, despite complaints of severe leg pain (TR 243-247). This suggested to the ALJ that the disability statement in June 2012, was prepared for the sole purpose of helping the claimant qualify for benefits. Indeed, it appears the doctor's opinion was primarily based on Plaintiff's subjective complaints, rather than the objective medical evidence.

qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[4], the Vocational Expert testified that there were numerous unskilled bench assembly, packaging and inspection jobs that she could still perform with minimal vocational adjustment (TR 49). These simple, routine jobs allowed a sit-stand option, and permitted the use of a foot stool under the work station in order to elevate her legs. She would not have to do any stooping or squatting (TR 49-51). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

### E.  Conclusions

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[4]Contrary to Plaintiff's assertion, the Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described her moderate postural limitations. The VE testified that there were numerous assembly, packaging and inspection jobs that she could still perform with minimal vocational adjustment (TR 49). The Sixth Circuit recently held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, I suggest that the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                                     s/ Charles E. Binder
                                                     CHARLES E. BINDER
Dated: June 16, 2014                                 United States Magistrate Judge