UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMIKA M. HARRELL,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.
_____/

Case No. 13-11161

HON. AVERN COHN

**MEMORANDUM AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 18), ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION (Doc. 16), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10), GRANTING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. 13), AFFIRMING THE COMMISSIONER'S DECISION DENYING BENEFITS AND DISMISSING CASE**

**I. INTRODUCTION**

    This is a Social Security case. Plaintiff Tamika M. Harrell (Harrell) appeals the final decision of the Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) benefits.  Harrell claims that she has been disabled since August 24, 2011, due to degenerative arthritis in the back and knees, obesity, anxiety, peripheral vascular disease and gastroesophageal reflux disease.

    The parties filed cross motions for summary judgment.  (Docs. 10, 13).  The motions were referred to a magistrate judge (MJ) for a report and recommendation (MJRR).  The MJ recommends that Harrell's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted.  Harrell filed timely objections to the MJRR (Doc. 18).  The Commissioner filed a response (Doc. 21).

For the reasons that follow, the Court will adopt the MJRR, deny Harrell's motion for summary judgment (Doc. 10), grant the Commissioner's motion for summary judgment (Doc. 13), and affirm the Commissioner's decision denying benefits.

## II. BACKGROUND

### A. Procedural History

Harrell filed an application for SSI benefits on August 24, 2011 claiming an onset disability date of August 24, 2011.  The Commissioner denied the application.  Harrell requested a hearing and appeared with counsel before an Administrative Law Judge (ALJ).  In addition, Pauline Pegram, a vocational expert (VE) offered testimony at the hearing.  In testifying, the VE responded to a hypothetical question posed by the ALJ, opining that Harrell could perform available work in the economy.

The ALJ denied Harrell's claim for benefits.  The ALJ found that Harrell was capable of performing available work.  The Appeals Council denied Harrell's request for review rendering the decision of the Commissioner final. Harrell appeals the Commissioner's decision.

### B. The ALJ's Decision

Applying the five-step sequential analysis required in Social Security disability cases, the ALJ found that Harrell had not engaged in substantial gainful activity since applying for benefits.  In the first four steps, the ALJ considers:

(1) whether the claimant is presently engaged in substantial gainful employment

(2) whether the claimant suffers from a severe impairment

(3) whether the impairment meets medically equals a "listed impairment"

(4) whether the claimant has the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If the ALJ concludes that the claimant's impairments prevent the claimant from engaging in past work, step five requires a determination whether the claimant's RFC, age, education and past work experience preclude the claimant from performing other work available in the national economy. *See id.* at § 404.1520(g).

The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Here, the ALJ determined that Harrell suffered from the following severe impairments: degenerative arthritis of the knees and ankles; obesity; affective disorder; anxiety; and alcohol abuse in remission. (Doc. 8-2 at 14). However, the ALJ concluded that Harrell did not have an impairment or combination of impairments that meets or medically equals the severity of a compensable impairment.

Based on the evidence in the record and testimony at the hearing, the ALJ found that Harrell has the residual functional capacity (RFC) to perform sedentary work with the following additional limitations: simple, routine and repetitive tasks and ability to alternate between sitting and standing at will. (Doc. 8-2 at 16). Applying this RFC, the

ALJ concluded that Harrell is unable to perform any past relevant work.  However, considering Harrell's age, education, work experience, and residual functional capacity, the ALJ reasoned that there are jobs that exist in significant numbers in the national economy that Harrell can perform.  (*Id.* at 20).  Consequently, the ALJ determined that Harrell was not disabled, as defined by the Social Security Act.

**C. The Parties' Arguments on Summary Judgment**

**1. Harrell's Arguments**

Harrell makes three arguments in her motion for summary judgment.  First, Harrell contends that the ALJ failed to adequately discuss the effects of her obesity as required by Social Security Ruling 02-1p (SSR 02-1p).  Second, Harrell says that the ALJ failed to properly account for her "moderate" limitations in concentration, persistence and pace (CPP) in her RFC assessment.  Finally, Harrell argues that the ALJ failed to properly evaluate the medical source opinion of Dr. Willie Pettiway (Dr. Pettiway).

**2. The Commissioner's Arguments**

The Commissioner's motion for summary judgment argues that the decision denying SSI benefits is supported by substantial evidence.  The Commissioner asserts that Harrell can perform a range of sedentary work, and thus is not disabled.

**D. The MJRR**

The MJRR concluded that Harrell's motion for summary judgment should be denied and the Commissioner's motion for summary judgment should be granted.  The MJRR found substantial evidence supporting the Commissioner's conclusion that Harrell can perform available work in the economy.  In so finding, the MJRR reasoned

that the ALJ properly considered Harrell's obesity and accurately portrayed Harrell's limitations in the hypothetical question posed to the VE. The MJRR rejected Harrell's assertion that there was medical evidence supporting her contention that she suffered severe side effects from pain medications and needed to rest frequently throughout the day. Finally, the MJRR rejected Dr. Pettiway's opinion that Harrell is completely disabled because, in the MJ's opinion, Dr. Pettiway's conclusion was contradicted by the substantial evidence in the record.

### III. STANDARD OF REVIEW

#### A. Objections to MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall*, 842 F.2d 875, 878 (6th Cir. 1987).

#### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant

5

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Essentially, the court's role is limited to search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

Harrell repeats her three arguments discussed *infra* as objections to the MJRR. As will be explained, the MJRR did not err in its rejection of Harrell's arguments. Therefore, Harrell's objections will be overruled and the Commissioner's decision denying benefits will be affirmed.

### A. Harrell's Obesity

As explained, Harrell first argues that the ALJ improperly evaluated her obesity. She is mistaken.

Harrell incorrectly argues that the ALJ did not consider her obesity in combination with the effect it would have on her ability to perform meaningful work, as required by SSR 02-1p. Harrell asserts that, because the ALJ determined that her obesity is a severe impairment at step 2 of the sequential analysis, the ALJ should have discussed Harrell's obesity in each subsequent step. Harrell's argument is without merit.

Social Security Ruling 02-1p informs, in part:

> [W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

SSR 02-1P (S.S.A.), 2002 WL 34686281.

Here, the ALJ determined that Harrell's obesity was a severe impairment and recognized that it resulted in work-related functional limitations. The ALJ also considered Harrell's obesity and the impact it has on her ability to perform daily activities. Harrell fails to show how the ALJ has not provided an adequate evaluation of her obesity. As the Commissioner argues, a determination of severe obesity does not

7

automatically result in functional limitations. Severe obesity, in combination with other impairments, may serve as a "risk factor" in developing or complicating other impairments. Social Security Ruling 02-1p directs:

> Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes. Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.

*Id.*

Per the regulations, obesity does not necessarily impact other impairments and must be evaluated on a case-by-case basis. As the Sixth Circuit stated in *Bledsoe v. Barnhart*, 165 F. Appr'x 408, 412 (6th Cir. 2008), "[i]t is a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular mode of analysis for obese disability claims." Here, the record shows that the ALJ considered Harrell's obesity in accordance with SSR 02-1p. The ALJ discussed Harrell's obesity and noted that "the combination of bilateral knee arthritis, non-severe back pain and obesity have been taken into account and accounted for in the RFC set forth above." (Doc. 8-2 at 18). The ALJ's ultimate decision denying benefits was based on substantial evidence, taking into account Harrell's obesity. Therefore, Harrell's objection to the MJRR on June 27, 2014 is without merit.

**B. Harrell's RFC Assessment**

Next, as explained, Harrell takes issue with the ALJ's RFC assessment. Like Harrell's first argument, this does not advance her case. The ALJ properly accounted for Harrell's moderate impairment in concentration, persistence, or

8

pace (CPP) by applying the "special technique" described in 10 C.F.R. § 416.920a. At step 3 of the sequential evaluation process, the ALJ determined that Harrell's affective disorder and anxiety did not meet or medically equal a listed impairment. As a result, the ALJ found that Harrell had moderate impairment limitations and limited her to simple, routine and repetitive work.

Harrell fails to show that the ALJ erred in this determination. As the Commissioner correctly asserts, "[d]ecisions in this district reflect the conclusion that a moderate impairment in concentration, persistence, and pace does not necessarily preclude simple, routine, unskilled work." *Lewicki v. Comm'r of Soc. Sec.*, 2010 WL 3905375 at *2; *See also Latarte v. Comm'r of Soc. Sec.,* 2009 WL 1044836, at *3 (E.D.Mich.2009). Here, the ALJ reviewed Harrell's medical record as a whole and determined that she did not receive much treatment for her psychological issues. Thus, the ALJ relied on the mental status examination provided by a consultative psychologist. The consultative psychologist determined that Harrell was capable of "relatively simple work-type activities, remembering and executing a several step repetitive procedure on a sustained basis, with little in the way of independent judgment or decision-making required." The ALJ did not err in relying on this evidence.

The ALJ also relied on the hypothetical posed to the VE in determining that Harrell's moderate limitations in CPP limited her to simple, routine, unskilled work. In *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 516 (6th Cir. 2010), the court held that, "[i]n order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the

conclusion that a claimant can perform work, the question must accurately portray a claimant's physical and mental impairments."

Here, the ALJ posed accurate hypotheticals to the VE, in light of the lack of psychiatric evidence concerning Harrell's physical and mental impairments—specifically her depression and adjustment disorder. In *Taylor v. Comm'r of Soc. Sec.*, 2011 WL 2682682, at *7 (E.D. Mich. May 17, 2011), another court in this district held that "[t]here is no bright-line rule requiring remand whenever an ALJ's hypothetical includes a limitation of 'unskilled work' but excludes a moderate limitation in concentration. Rather, this Court must look at the record as a whole and determine if substantial evidence supports the ALJ's decision." The ALJ considered medical records, the consultative psychologist's opinion and the hypothetical posed to the VE to support his decision. Accordingly, Harrell's argument is without merit. The ALJ's decision on July 27, 2012 is supported by substantial evidence, and, the MJRR is therefore correct in its analysis.

**C. ALJ's Evaluation of Dr. Pettiway's Opinion**

Finally, Harrell contends that the ALJ improperly rejected Dr. Pettiway's opinion. The Court disagrees. The ALJ properly evaluated Dr. Pettiway's medical opinion and ultimately attributed it little weight. Dr. Pettiway completed a RFC assessment and concluded that Harrell could not sit for more than two hours in an eight hour work day. Dr. Pettiway also concluded that Harrell would miss only one day of work per month. The ALJ gave little weight to Dr. Pettiway's opinion because Dr. Pettiway did not provide substantive reasons for his conclusions.

Harrell argues that the ALJ failed to follow the treating physician rule, and failed to provide supportive evidence for discounting Dr. Pettiway's medical opinion. In *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), the court held that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Harrell argues that Dr. Pettiway was her treating physician for two years and had knowledge of pain complaints and medication management. However, the ALJ correctly concluded that Dr. Pettiway did not provide support for concluding Harrell could not sit for more than two hours or would miss only one day per month.

The ALJ has the authority to discount and question the credibility of a treating physician if the ALJ provides "good reasons" for doing so. In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004), the Sixth Circuit reasoned that, "[t]he regulation requires the agency to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination. 20 C.F.R. § 404.1527(d)(2) (2004)." Here, the ALJ found that Dr. Pettiway did not provide relevant support for his conclusions, and his findings were inconsistent with Harrell's medical records. The ALJ's decision is supported by Harrell's recent treatment records showing that she was receiving treatment for the arthritis, had only minimal degenerative joint disease, and was relatively healthy overall. Therefore, the ALJ rightfully rejected Dr. Pettiway's findings, as these findings are contrary to the most recent medical evidence in the record.

Harrell's argument that the ALJ did not satisfy the "good reasons" requirement and failed to follow the treating physician rule does not withstand scrutiny. The ALJ is not required to address each factor when weighing medical opinions of treating physicians. An ALJ is authorized to determine if the treating physician has opined a credible medical opinion. *Walters,* 127 F.3d at 531. The Sixth Circuit has held that, "[a]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id.* Here, as explained, the ALJ provided "good reasons" for rejecting Dr. Pettiway's medical opinion, and the ALJ's credibility determinations are entitled to deference. As such, there is no error in the MJRR's conclusion that Dr. Pettiway's medical opinion is entitled to little weight.

## V. CONCLUSION

For the reasons stated above,

(1) Harrell's objections to the MJRR are OVERRULED;

(2) the MJRR is ADOPTED;

(3) Harrell's motion for summary judgment is DENIED;

(4) the Commissioner's motion for summary judgment is GRANTED;

(5) the Commissioner's decision denying benefits is AFFIRMED; and

(6) this case is DISMISSED.

SO ORDERED.

S/Avern Cohn<br>UNITED STATES DISTRICT JUDGE

Dated: August 5, 2014

       Harrell v. Carolyn W. Colvin, Commissioner of Social Security

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 5, 2014, by electronic and/or ordinary mail.

          <u>S/Sakne Chami</u>
          Case Manager, (313) 234-5160